# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No: 17-03126-03-CR-S-MDH** |
| **JUSTIN L. RHOADS,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Josephine L. Stockard, Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on January 21, 2021. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a total term of incarceration of 235 months and five years of supervised release.

## I. BACKGROUND

On December 16, 2020, the defendant, Justin Rhoads, pleaded guilty before the Court to Counts 1 and 2 of the Superseding Indictment without a plea agreement. On April 2, 2020, the final Presentence Investigation Report (PSR, Doc. 187) was filed.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated, advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th

Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

*PSR Calculations*

The PSR finds a Guidelines imprisonment range of 235 to 293 months. (PSR ¶ 72.) The Government concurs with these calculations.

### B. Statutory Sentencing Factors

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

1. *Nature and Circumstances of the Offense; History and Characteristics of the Defendant; and Need to Promote Respect for the Law, Deter Criminal Conduct, and Protect the Community*

The defendant here agreed to be a drug courier for a friend of his, who needed help getting a large amount of methamphetamine from the Kansas City area back to Southwest Missouri. (PSR ¶¶ 8-10.) He was stopped on his way back to Southwest Missouri with more than nine kilograms of methamphetamine. (PSR ¶¶ 10 & 11.) In a somewhat unique situation, the fact that there were wire intercepts during this case show that the defendant was pulled into this as a courier and simply doing a favor for a friend, instead of showing his ongoing and pervasive participation in a large-scale drug trafficking organization. There is no evidence that defendant was benefitting from his

Case 6:17-cr-03126-MDH   Document 222   Filed 01/15/21   Page 2 of 4

actions here, other than the benefit of doing a favor for a friend. Instead of that result, the defendant will pay dearly in terms of the loss of freedom for doing that favor. Despite his limited role, the defendant's loss of freedom is appropriate because he knew what he was doing, he agreed to do it, and the harm that would have flowed from the transaction with which he agreed to participate is great. Nine kilograms of methamphetamine is anywhere from approximately 9,000 to 18,000 doses of methamphetamine. For that harm and his agreement to be part of it, the defendant does deserve punishment, but the facts also call for a recognition of his limited role in this crime.

The defendant has a criminal history that includes drug trafficking (PSR ¶ 36), drug possession (PSR ¶ 39), driving while intoxicated (PSR ¶ 40), and assault (PSR ¶ 45.) The facts of the assault are particularly concerning and fairly recent and should be considered when determining whether he is a danger to the community. (PSR ¶ 45.) The defendant's lack of success on supervision in paragraph 45 and continued violations of other laws (PSR ¶¶ 29-35, 37-38, and 41-44) are also instructive in the consideration of the defendant's continuing danger to the community, respect for the law, and how best the court can deter him.

Throughout his life, the defendant has evidenced a deep disrespect for the law in ways large and small. His latest crime, while not evidencing a deep commitment to criminality, is not surprising when viewed in the pattern and history of his life. Without a sentence that instills a respect for the law in the defendant and deters him from future crimes, the Court can only expect more of the same when it comes to violence and large scale drug distribution that imposes a great danger and great potential harm to this community.

Because of his role in this crime, the Government is recommending a sentence at the low end of the advisory Guidelines, but based on the other 3553 factors, would argue that a sentence that is any lower is not supported in this case.

2.    *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

The defendant could benefit from participation in both the RDAP and UNICOR programs if he is to succeed after release.

## IV.  CONCLUSION

Section 3553 requires this Court to impose a sentence that considers the factors above, including the advisory Guidelines range.  The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to deter criminal conduct, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence. The Government respectfully requests that this Court impose a sentence of 235 months' imprisonment.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

*/s/ Josephine L. Stockard*
JOSEPHINE L. STOCKARD, Mo. Bar #63956
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417) 831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of January 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Josephine L. Stockard*
JOSEPHINE L. STOCKARD

4